## A. NEWBERG & CO. v. UNITED STATES

No. 6143.—Invoices dated Sonneberg, Germany, December 17, 1938, etc.
      Certified December 21, 1938, etc.
      Entered at New York, N. Y., January 4, 1939, etc.
      Entry No. 781632, etc.

(Decided May 8, 1945)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court, that the facts and circumstances relating to the item of 10 per centum commission or 8 per centum com-

mission in the above-entitled cases, identified on the invoice with the letter A and the initials D. L. of Examiner D. Lefkovitz, are in all material respects the same as the facts and circumstances relating to the item of commission specified in the invoices relating to glass tree ornaments, novelties, and figures, passed upon by the United States Court of Customs and Patent Appeals in *United States* v. *S. S. Kresge Co. et al.*, 26 C. C. P. A. 349, 352, wherein the court held that "A purchasing commission, charged for the handling of the merchandise, is not a proper part of the dutiable value."

It is further stipulated and agreed that on the date of exportation of the merchandise involved in the above-entitled cases and identified on the invoices with the letter A in green ink and initials D. L. of Examiner D. Lefkovitz, articles such and similar thereto were freely offered for sale and sold to all purchasers in the principle markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced, and that there was no higher foreign value.

That the instant appeals to reappraisement are abandoned as to all items not marked "A" and initialed as aforesaid.

It is further stipulated and agreed that the record in *United States* v. *S. S. Kresge Co. et al.*, 26 C. C. P. A. 349, 352, be incorporated herein, and that the instant appeals to reappraisement are submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise identified on the invoices with the letter "A" in green ink and the initials D. L. of Examiner D. Lefkovitz, and that such values are the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.